## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| STEEL DYNAMICS, INC. AND UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,<br><br>                  Plaintiffs,<br><br>      v.<br><br>UNITED STATES,<br><br>                  Defendant, | Ct. No. 26-00754 |

### COMPLAINT

Steel Dynamics, Inc. ("SDI") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs contest certain findings of fact and conclusions of law made by the U.S. Department of Commerce ("Commerce") in the final determination in the antidumping duty investigation of certain corrosion-resistant steel products from Taiwan. *See Certain Corrosion-Resistant Steel Products From Taiwan: Final Affirmative Determination of Sales at Less Than Fair Value*, 90 Fed. Reg. 42,210 (Dep't Commerce Aug. 29, 2025). The findings and conclusions of the contested determination are set forth in the accompanying Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Corrosion-Resistant Steel Products from Taiwan (Aug. 25, 2025) ("IDM").

1

2. Specifically, this civil action challenges Commerce's acceptance and reliance on the reported costs of production of Taiwanese producer and exporter Yieh Phui Enterprise Co., Ltd. ("Yieh Phui") for purposes of its final determination.

## JURISDICTION

3. This action is commenced pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i). This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c).

## STANDING OF THE PLAINTIFFS

4. SDI is a U.S. producer of the domestic like product within the meaning of 19 U.S.C. § 1677(9)(C). The USW is a certified labor union whose members include workers at the facilities in which the domestic like product is produced within the meaning of 19 U.S.C. § 1677(9)(D). SDI and the USW were petitioners in the investigation before Commerce that is the subject of this complaint. They actively participated in the investigation by filing the petition, comments, case and rebuttal briefs, and other submissions. Plaintiffs therefore have standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Commerce published the challenged final determination in the Federal Register on August 29, 2025. An antidumping duty order based on the final determination was published in the Federal Register on December 19, 2025. *See Corrosion-Resistant Steel Products From Brazil and Mexico: Amended Final Antidumping Duty Determination; Corrosion-Resistant Steel Products From Australia, Brazil, Canada, Mexico, the Netherlands, South Africa, Taiwan, the Republic of Türkiye, the United Arab Emirates, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 90 Fed. Reg. 59,494 (Dep't Commerce Dec. 19, 2025). In

accordance with 19 U.S.C. § 1516a(a)(2)(A)(i)(II), SDI and the USW filed a timely Summons on January 20, 2026, which was within thirty days of the publication of the antidumping duty order. This Complaint is timely filed within thirty days of the filing of the Summons.

## STATEMENT OF FACTS

6. Commerce initiated its antidumping duty investigation of certain corrosion-resistant steel products from Taiwan on October 2, 2024, following the filing of a petition on September 5, 2024. *Certain Corrosion-Resistant Steel Products From Australia, Brazil, Canada, Mexico, the Netherlands, South Africa, Taiwan, the Republic of Türkiye, the United Arab Emirates, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigations*, 89 Fed. Reg. 80,196 (Dep't Commerce Oct. 2, 2024).

7. On April 10, 2025, Commerce published its preliminary determination in the investigation. In its preliminary determination, Commerce made an affirmative determination of sales at less than fair value, assigning dumping margins of 2.64% to Yieh Phui, 67.90% to Sheng Yu Steel Co. Ltd., Kounan Steel Co. Ltd., and Meglobe Co. Ltd., and 2.64% to all others. *Certain Corrosion-Resistant Steel Products From Taiwan: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures*, 90 Fed. Reg. 15,359 (Dep't Commerce April 10, 2025).

8. Commerce conducted a verification of Yieh Phui's cost questionnaires and data in Taiwan from April 14 through April 17, 2025. Yieh Phui filed its cost verification exhibits with Commerce on April 21, 2025. On May 23, 2025, SDI, the USW, and the other petitioners filed comments that demonstrated that Yieh Phui's cost reporting was not accurate, relying in

part on Yieh Phui's cost verification exhibits. Commerce issued its cost verification report for Yieh Phui on May 27, 2025.

9. On June 13, 2025, Commerce issued a letter which stated, *inter alia*, that it considered the issues raised by the petitioners regarding Yieh Phui's costs to constitute "written argument" and encouraged petitioners to raise the cost issue in their case brief. Commerce did not pursue the issue by requesting any additional information from Yieh Phui.

10. On July 23, 2025, Commerce issued a post-preliminary determination for Yieh Phui. The post-preliminary determination modified the preliminary determination by (1) using a revised differential pricing analysis and (2) making adjustments to address a particular market situation in Taiwan. As a result, Commerce revised the dumping margin that it calculated for Yieh Phui and the all-others rate from 2.64% to 10.85%.

11. SDI, the USW, and the other petitioners filed a case brief on August 1, 2025 in which they repeated the arguments they had made in their May 23, 2025 filing that Yieh Phui's cost verification exhibits demonstrated that it had failed to report accurate costs or the correct sales control numbers ("CONNUMs") for a significant portion of its sales. The case brief also provided additional analysis that demonstrated that Yieh Phui's cost reporting was not accurate. The petitioners analyzed certain basic physical characteristics reported by Yieh Phui to show that its costs could not be accurate because they were based on inaccurate product information. They explained that this failure prevented Commerce from calculating an accurate dumping margin for Yieh Phui because the agency did not have accurate costs for Yieh Phui's subject merchandise. Furthermore, they explained that because Yieh Phui had not provided this critical information, it failed to cooperate to the best of its ability and

Commerce should apply total adverse facts available ("AFA") to determine Yieh Phui's dumping margin for its final determination.

12. Commerce thereafter issued its final affirmative determination of sales at less than fair value. In its final determination, Commerce calculated the same dumping margins that it had calculated in its post-preliminary calculations: 10.85% for Yieh Phui, 67.90% for Sheng Yu Steel Co. Ltd., Kounan Steel Co. Ltd., and Meglobe Co. Ltd., and 10.85% for all others. *Certain Corrosion-Resistant Steel Products From Taiwan: Final Affirmative Determination of Sales at Less Than Fair Value*, 90 Fed. Reg. 42,210, 42,211 (Dep't Commerce Aug. 29, 2025).

## STATEMENT OF CLAIMS

### COUNT ONE

13. Paragraphs 1-12 are hereby re-alleged and incorporated by reference.

14. SDI, the USW, and the other petitioners provided evidence during the investigation and demonstrated in their case brief that Yieh Phui had not accurately reported the physical characteristics of its products.

15. Neither in its final determination nor in its IDM did Commerce address this problem. In fact, Commerce inaccurately characterized the "issue at hand" as the "allocation basis for certain groups of costs," when the issue raised by the petitioners was whether Yieh Phui had accurately reported the physical characteristics of its products and, therefore, its costs.

16. Because it failed to address the petitioners' primary argument, Commerce failed to meet its obligations under 19 U.S.C. § 1677f(i)(3) to provide an explanation of its determination that addressed the petitioners' relevant arguments.

17. By failing to provide such an explanation, Commerce's final determination was contrary to law.

## COUNT TWO

18. Paragraphs 1-17 are hereby re-alleged and incorporated by reference.

19. Commerce characterized the purpose of the calculations provided in the petitioners' case brief as a demonstration that Yieh Phui's theoretical coating weights were incorrect.

20. In making this characterization, Commerce ignored the fact that the petitioners' calculations demonstrated that Yieh Phui had reported inaccurate values for one or more of the following product characteristics: product weight, product width and/or length, and product thickness.

21. Because one or more of these characteristics were not accurate, Yieh Phui's cost reporting was necessarily inaccurate.

22. By ignoring the actual evidence demonstrated by the petitioners' calculations, Commerce relied on inaccurate costs and determined inaccurate dumping margins. As a result, its final determination was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT THREE

23. Paragraphs 1-22 are hereby re-alleged and incorporated by reference.

24. Commerce identified the fact that "the largest part of the costs (*i.e.*, coil costs) is allocated over actual quantities and does not involve the use of theoretical coating weights" as one of its reasons for determining that Yieh Phui had reported accurate cost information.

25. In so doing, it ignored the fact that the petitioners had demonstrated that Yieh Phui's reporting of physical characteristics was not accurate and that the allocation of actual quantities of coil was not accurate.

26. By failing to treat the physical characteristics of Yieh Phui's products as relevant to the allocation of actual quantities of coil, Commerce's acceptance of Yieh Phui's cost

information as accurate was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FOUR

27. Paragraphs 1-26 are hereby re-alleged and incorporated by reference.

28. In reaching its determination that Yieh Phui had reported accurate cost information, Commerce cited the fact that the petitioners had identified only a small number of U.S. sales CONNUMs as problematic.

29. In so doing, Commerce ignored its standard practice of treating the verification information that it examines as representative of a respondent's reporting as a whole.

30. By failing to treat the information examined at verification as representative, Commerce's acceptance of Yieh Phui's cost information as accurate was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FIVE

31. Paragraphs 1-30 are hereby re-alleged and incorporated by reference.

32. To demonstrate that Yieh Phui had reported inaccurate product characteristics, the petitioners' calculations used the substrate thickness.

33. Yet Commerce found that the petitioners' reliance on the thickness of the finished products, rather than the thickness of the substrate, rendered its analysis inaccurate.

34. Commerce's determination that the petitioners used the finished product thicknesses where they should have used substrate thickness was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SIX

35. Paragraphs 1-34 are hereby re-alleged and incorporated by reference.

36. Commerce accepted Yieh Phui's assertion that the petitioners incorrectly assumed that the theoretical metallic coating weight and theoretical painting weight used in their calculations were actual values.

37. However, the record demonstrates that the petitioners did not rely on any assumptions about Yieh Phui's theoretical metallic coating weight and theoretical painting weight.

38. Commerce's determination that the petitioners' analysis depended on an incorrect assumption that Yieh Phui's theoretical metallic coating weight and theoretical painting weight were actual values was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SEVEN

39. Paragraphs 1-38 are hereby re-alleged and incorporated by reference.

40. Commerce stated that it disagreed with the petitioners' argument that the use of theoretical coating weights could impact the accuracy of matching the reported cost of production to appropriate sales. Commerce therefore concluded that Yieh Phui had used a method for reporting its costs that complied with Commerce's request for information.

41. The petitioners did not argue that the use of theoretical coating weights could impact the accuracy of matching the reported cost of production to appropriate sales. Rather, they asserted that as Yieh Phui had reported inaccurate physical characteristics for its products (*e.g.*, weight, width, thickness, length), it had misallocated material input costs to its products.

42. Commerce's determination that Yieh Phui used a method for reporting its costs that complied with Commerce's request for information was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT EIGHT

43. Paragraphs 1-42 are hereby re-alleged and incorporated by reference.

44. Commerce concluded that Yieh Phui had used a methodology to report its material costs that complied with its requests "in light of these facts."

45. As reviewed in Counts Two through Seven above, Commerce did not rely on facts supported by the record.

46. Because it relied on inaccurate facts, Commerce's determination that Yieh Phui had used a methodology to report its material costs that complied with Commerce's requests was not supported by substantial evidence and was otherwise not in accordance with law.

## PRAYER FOR RELIEF AND JUDGMENT

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in their favor, declare that Commerce erred in its final determination in the ways alleged herein, remand this proceeding to Commerce with instructions to redetermine the dumping margin for Yieh Phui and all others in conformity with the Court's decision, and provide such other relief as the Court deems just and proper.

/s/ Jeffrey D. Gerrish
Roger B. Schagrin
Jeffrey D. Gerrish
William A. Fennell
Schagrin Associates
900 7th Street NW
Suite 500
Washington, D.C. 20001
Tel.: (202) 223-1700
E-mail: jgerrish@schagrinassociates.com

Dated: February 19, 2026

# CERTIFICATE OF SERVICE

**Steel Dynamics, Inc. and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union
v. United States
U.S. Court of International Trade
Court No. 26-00754**

I, Jeffrey D. Gerrish, of the law firm of Schagrin Associates, hereby certify that on or promptly after February 19, 2026, pursuant to CIT Rule 3(f), I notified all interested parties who were a party to the proceeding below, by mailing copies of the foregoing Complaint by certified mail, return receipt requested:

**DEFENDANT UNITED STATES**

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza, Rm. 346
New York, N.Y. 10278

Patricia M. McCarthy
Civil Division
Director of Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, D.C. 20530

Robert Heilferty, Chief Counsel
Office of the Chief Counsel for Trade
Enforcement & Compliance
**U.S. Department of Commerce**
14th and Constitution Avenue, NW
Room 3622
Washington, DC 20230

Pierre Gentin, General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Avenue, NW
Washington, D.C. 20230

**INTERESTED PARTIES IN THE INVESTIGATION**:

Stephanie M. Bell, Esq.
**Wiley Rein LLP**
2050 M Street, NW
Washington, DC 20036
sbell@wiley.law
WileyTrade@wiley.law

Thomas M. Beline, Esq.
**Cassidy Levy Kent (USA) LLP**
2112 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037
tbeline@cassidylevy.com

Stephen P. Vaughn, Esq.
**King & Spalding LLP**
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706
svaughn@kslaw.com

John Anwesen
**Lighthill PC**
300 New Jersey Avenue, NW
Suite 300
Washington, DC 20001
j.anwesen@lighthilltrade.com

Kelly Alice Slater, Esq.
**Appleton Luff Pte Ltd**
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
slater@appletonluff.com

Brady W Mills, Esq.
**Taft Stettinius & Hollister LLP**
1333 New Hampshire Ave, NW
Suite 800
Washington, DC 20036
bmills@taftlaw.com

Adams Lee, Esq.
**Harris Sliwoski LLP**
600 Stewart Street
Suite 1200
Seattle, WA 98101
adams@harris-sliwoski.com

<u>/s/ Jeffrey D. Gerrish</u>
Jeffrey D. Gerrish
Schagrin Associates
900 7th St. NW Suite 500
Washington, DC 20001
(202) 223-1700